Good morning. Kara Hartzler for Petitioner George Garcia. The parties here both agree that if Mr. Garcia's waiver of appeal was not knowing and intelligent, then the BIA has jurisdiction to consider his appeal. Well, first of all, why is this a jurisdiction question? I'm not exactly sure that it is. And, in fact, the government seems to have conceded that there is jurisdiction here. So I think that we briefed that because we were a little concerned that the BIA may have been saying it was jurisdictional. But if the government's saying it's not, then we're fine with that. You're talking about jurisdiction. You're talking about our jurisdiction. You're talking about the BIA's jurisdiction. I'm sorry. I'm talking about whether the BIA, for instance, if the BIA says that if he didn't make a knowing and intelligent waiver, that there's jurisdiction. We agree with that. Well, they start off with having jurisdiction, correct? They start out with having jurisdiction. Right. Correct. Right. So I think what I'd really like to go directly to, because I think it's the easiest and quickest way to resolve this case, is whether this was a knowing and intelligent waiver, and it's not a knowing and intelligent waiver if he was not convicted of an aggravated felony, or if, better said, if he was eligible for 212-H. This goes back to his question, I think, to the I.J. Is there any other basis for my obtaining relief? And the I.J. said no. Exactly. He said to the I.J., I have a wife who's a United States citizen. Am I eligible for any relief? The I.J. said no because you have an aggravated felony. Our argument all along has been that this is not an aggravated felony. And was the law at the time that his conviction was not an aggravated felony? Yes. And, in fact, the I.J. What we argue below to the I.J. is that the statute was overbroad as between theft and fraud. Now, what the I.J. actually considered is whether it was an aggravated felony under the modified categorical approach because it involved property rather than labor or service. The time being. All my question asks is, was the case law of the Ninth Circuit at the time your client asked that question of the I.J. clear that his particular conviction was not an aggravated felony? Yes. Because the Court had held in Corio Jaime several years before that the statute was overbroad between theft and fraud. And did he raise this before the BIA? Yes. Okay. And what did they say? So, basically, he raised it in two ways. First of all, he did the notice of appeal and he said the statute's overbroad between theft and fraud. Then, when he did his motion to reconsider or reopen, he also said in his declaration and I'm quoting, It's a little different than saying that I asked the I.J. at my hearing if there was any other basis for relief and he incorrectly said no, isn't it? Well, Your Honor, I think in this case, this Court has said that you don't have to be precise, that especially in the cases of immigration cases and especially where people are pro se, a Petitioner does not need to raise the precise argument below, and that's a case called Vizcara-Ayala. And there the Court said that it just requires that it be sufficient to put the BIA on notice. Well, besides which, it was also sort of irrelevant because the BIA took the position that it didn't have any jurisdiction to decide anything. Exactly. So precisely what he said was entirely immaterial. I mean, he was somewhere in the ballpark, and if they had wanted to address it, they could have tried to figure out what the issue was, but they didn't address anything in this case. Exactly, Your Honor. I, however, am interested in the statutory question with regard to whether the regulation is valid at all. And I thought you had an interesting argument in that regard. I understand that this may be the quickest way through. On the other hand, the other issue is one that is recurring in a lot of cases. So if you had a – I'm not sure there's much more to say about this one, so if you have anything to say on the other, I'd be interested. Certainly. I think we laid out in our briefing that basically I think there's a disconnect between the statute and the regulations. The statute basically says that he is permitted to, or he, a person can appeal at any time during the period in which he's permitted to do so. And then the regulations narrow that. And they say that the time period is actually limited to those few seconds between when the I.J. says, your order deported, and the person, and then the I.J. asks, do you want to reserve? And I think that that really narrows the statute beyond what is constitutionally permissible, especially in cases involving pro se detainees.    It's not constitutionally permissible. It's not constitutionally permissible, meaning there's a lurking due process problem, which you didn't actually brief exactly. That's right. But we do believe that this is an issue where when you're narrowing something that sharply and you are involving especially pro se immigrants who don't necessarily have the ability to decide in those several seconds what, you know, what the conditions are. And it maintains that this issue was not properly before us either. That's correct. And you didn't file a reply brief, which I found odd, so therefore, you didn't respond to that, so maybe you want to respond to it now. Your Honor, yes, and I actually really do regret not filing one in this case. But in any case, I think what is the reason and what's wrong with the government's argument in that respect is that, first of all, in the decision that the BIA said, we are going to say that this was a no-in in waiver, they expressly said we are adopting our decision from our first, our rationale from our first decision. And, no, because of that, the Court has the jurisdiction to consider both decisions. Now, I want to point the Court to a case where exactly that happened, and this is a case in Plasencia, Ayala. And in Plasencia, Ayala, when you give it a piece of paper with the site. I have not, Your Honor. Would you please do that at the end? I will do so. So in Plasencia, Ayala, essentially what happened was the government said the exact opposite. They said, well, in this case, the person appealed the original – I'm sorry, they appealed the motion to reopen, but they didn't – let me see if I'm getting this right. They appealed the original decision, but they did not appeal the denial of the motion to reopen. And the government said there, well, because of that, we don't think there's jurisdiction. So here – What's the date of that case? I believe that's in 2007 or 2008. So this was available to you prior to argument? It was, Your Honor. You could have filed a 28-J letter? It was, Your Honor. And you should do that. I apologize, Your Honor. I apologize. By the way, your brief indicates you're with the Florence Immigration and Refugee Rights Project. I was at the time, Your Honor. I've left in the last several years, and I'm now continuing with this case pro bono. So for the purposes of if it is an opinion, how do you wish to be listed? Just Kara Hartzler. Thank you. Thank you. So the question that Judge Brezon raises about this statute, if we were to conclude that this is not about jurisdiction, that the BIA had jurisdiction, as you first started out, we don't have to get to this issue, is that right? No. And that's why I wanted to make sure. The question then becomes whether there was a considered waiver. Exactly. And I think the Court the case law is very clear that it wasn't a knowing and intelligent waiver because it wasn't an aggravated felony. We raised this both before the IJ and before the BIA, and the IJ misadvised on relief. And I think that's all the Court needs to decide. Does our case law require that the decision be considered as opposed to knowing and understanding? My understanding is it's only knowing and intelligent, Your Honor. All right. But we do have cases that refer to considered. Is there a difference? There is. I'm not aware that there's a difference. What I'm aware of, Your Honor, is that the case law from this Court is very clear that if an IJ doesn't advise of relief and the person was eligible for relief, that's all you have to look at. And that's what happened here. Well, the difference is if you require considered in these mass plea situations that often occur, I guess an IJ would have to give the Petitioner, the applicant for asylum withholding whatever, a delayed opportunity to make sure that it was a considered decision? Possibly. Other than simply saying at the time of the plea, I understand what I'm pleading to, I know what I'm doing, and I'm doing it willingly? Possibly. And I think that could play into the issues raised in terms of whether the regulations are more narrow than the statute allows them to be. All right. With the Court's permission, I'll remit. You're going to save your time. I'll save it. Thank you, Your Honor. Okay. May it please the Court, I am Sarah Byram, appearing on behalf of the Attorney General. This Court should deny the petition for review in this case because Petitioner's closed case, because his final order was lawful, valid, and executed, begins and ends with one word, waiver. I'm having a little trouble hearing you. Maybe you can be a little closer. Okay. Sure. Better now? A little. Okay. Just keep your voice up. Just project. Despite Petitioner's many distractions, this Court is tasked with one question. Did Petitioner lawfully – excuse me, knowingly and intelligently waive his right to appeal? And the answer here is yes. What about the statutory issue, though? And first about the question of whether it's reachable or should be reached. My understanding is that in general there's no exhaustion requirement with regard to a challenge to a BIA regulation. Is that right? Because the BIA couldn't hold the regulation invalid anyway. That's correct. So there's not – it's not an exhaustion problem. So what's the problem? We – our position is that the regulation does not conflict with the statute. I understand that, but I'm just asking a predecessor question. Your brief seemed to suggest that we couldn't reach the question of whether the – the regulation conflicts with the statute, and I'm trying to understand whether that's true or not. Our position is that the Court cannot reach this issue. I know, but why? That's what I'm asking you. Because what the Petitioner is doing is essentially asserting error in the first decision. That decision is not before the – Well, except that the second decision did reach the merits of the knowing and voluntary question, right? That's correct. And this is a logically prior issue as to the knowing and voluntary, and he couldn't have – he couldn't have, even if he wanted to, have raised it in the motion to reconsider, so why don't we reach it? Because this Court doesn't have an issue – it doesn't have a need to reach that issue. The issue is whether or not he knowingly and intelligently waived his right. And even if he – even if the Court finds that it does conflict, which it doesn't need to do to decide this case, even if the Court finds that it does conflict – Well, but if it did conflict, then we would need to reach it. I don't understand what you're saying. If it did conflict, then he didn't – it wasn't a valid waiver, and we don't need to reach knowing and voluntary, and we don't need to reach the aggravated felony or anything else. There's – there's no indication that it conflicts, because the statute, A47B, doesn't define the appeal period, doesn't address the is permitted, and there's no language in that statute that contains that the right to have a period for waiver is absolute and cannot be forfeited. Here, since 1987, since the regulation came about, case law has indicated that a Petitioner can knowingly waive that right, and Petitioner assumes but does not have any support for her conclusion that – And this, to be frank, has bothered me for some time, because there's no other situation that I know of. I mean, certainly courts don't do that. They don't stand – when somebody – when there's a conviction against somebody, they don't say, okay, do you waive your – your right to appeal before anybody's had a chance to go back and – and think. I mean, there's a time period, and the time period is a time period, and until the time period expires, you can appeal. And here we have this – this regulation, and our position is that it doesn't conflict. Petitioner could have raised these arguments to the board. No, he couldn't have. That's my point. Could he have? She could have at least put the board on notice by raising them in a brief. That's my point. I'm not agreeing to any good because the board couldn't rule on it. She is the lawyer. Correct. The Petitioner's a he, right? Correct. And no – she was supposed to engage in a feudal act of asking the board to do something it couldn't do? Petitioner and counsel could have at least raised this prior. And what it could or would have done? Perhaps nothing, but in any event, it's our position that the regulation and the statute do not conflict, that the regulation does not impermissibly narrow the statute. Was the I.J. correct in advising Mr. Garcia that after being told that he had a U.S. citizen wife and children, did he have children? The record indicates that he may have two, at the time, minor U.S.C. children, but there's no other indication. So it's probable that he has two, but not certain. And the I.J. said, no, that won't help you, and that was wrong, right? At the time of his final removal order, when he was convicted, when the judge found him to have been convicted of an aggravated felony, he could not apply for 212H at that time, because as an aggravated felon, he was barred from doing that. So here, the immigration law at that time say that it was not an aggravated felony? Our position is that the immigration judge Look, I'm not asking your position. I'm asking, didn't our case law at that time say that it was not an aggravated felony? No. For Petitioner's Conviction under 47A, the case law indicated that it was broader than the general theft definition. The immigration judge then proceeded to do a modified categorical analysis. But not as to the issue of consensual taking? No. This is the count 12 that the immigration judge looked to for the modified categorical analysis. But this is overbroad in two respects. That's the problem. Well, in our position that Can I make an advocacy question? Yes. Somebody must be telling you to do this because your lawyers do it a lot. But our position is not helpful. To tell me this is your position, as Judge Hawkins just suggested, is not helpful. Fine. It's your position. We want to know what your argument is, what not, what your position is. Our argument is that because this case centers solely on the knowing and intelligent waiver, challenging the removability is a backdoor attempt to get around what is otherwise Petitioner's knowing and intelligent waiver. At the time that the immigration judge found Petitioner to have been convicted of an aggravated felon, that decision comported with this circuit's case law when he used the modified categorical analysis. The immigration judge considered count 12. That was the count that Petitioner was – had pled guilty to. And that language said But did he consider whether there was evidence in the record that demonstrated that the theft was a consensual one in a sense of embezzlement or fraud or something? Did he consider that? He looked at count 12, and that was the count that the immigration judge – excuse me, the immigration judge looked at count 12, which was the count that Petitioner had pled guilty to, and he looked at that count in connection with the other counts. The count 12 indicated that he willfully and unlawfully took money or personal property. There was no mention in that count of consent, fraud, acquiescence, whereas in other counts in the complaint, there was that language of fraud. Roberts. They were dismissed. Is that correct? They were dismissed. So isn't it more likely to inference the opposite, i.e., they couldn't prove that and that's why they went with the broader one? I can only go with what the immigration judge indicated, and here he looked at count 12. In applying the modified categorical approach, could he look to the other counts that were dismissed? Under the modified categorical approach, he could look to other evidence in the record to indicate that he was a consensual thief. But he looked to the other counts to indicate that there was nothing convicted of, not of what he was convicted of. He looked to the other counts to indicate the more exact nature of the convicted charge, and there he concluded that because the other counts were. Which of our cases says that that's the proper way to apply the modified categorical approach? In this case, he looked to the other convictions, but. There isn't any that says that, but I'm aware of that. But here the issue is whether, again, Petitioner's waiver was knowing and intelligent, and there's no way to get to the removability aspect unless this Court first finds that it wasn't knowing and intelligent, and there's no evidence in the record that indicates otherwise. The problem is that he asked the I.J., there's no, you mean there's no relief? At the time, yes. There's no relief, and the I.J. said there's no relief. That's correct. So how can that be a knowing and intelligent waiver if there was? Because at the time that he, the immigration judge, found him removable as an aggravated felon, there was no relief for him at the time. Would your position be the same on the dismissed counts if all of the counts had been taken on to trial and he had been acquitted of the other counts? Would it then still have been proper for the I.J. to look to the acquitted counts to determine whether it was, survived the modified categorical analysis? The immigration judge. Can you start with a yes or no? Yes. It would, it would. It would have been entirely proper. It would still be our position that in conducting the modified categorical approach, the immigration judge looked to the other counts not to determine whether or not he was guilty of those or not, because he was not convicted on that count, but. But the last time I checked, there was still a presumption of innocence in the American criminal justice system. That means when he was charged with those other counts, he was innocent, and when he, when they were dismissed, he remained innocent of those counts. And the conduct underlying it. This is not a sentencing issue in a criminal case where the Supreme Court has said otherwise. This, this is immigration law. This is immigration law. And here with the immigration judges, he didn't look to those other counts to determine whether or not Petitioner was guilty or innocent. He merely looked to those other counts for their wording and their construction and helping him to determine whether or not Count 12 contained any indication of fraud or consent or false pretenses. And here he found that when considering the other language, that Count 12's clear, straightforward language of willfully and unlawfully taking money or personal property indicated that there was no indication that Petitioner had taken that  And he didn't look to those other counts to determine whether or not Petitioner was guilty or innocent of fraud or consent, false pretenses, or any other indication. Kagan. Who found that? Who said that? The immigration judge. No, he didn't say that. In, in connection to that. My understanding is that what he said was that it wasn't a theft of labor, it was a theft of property. Right. Because of his, his clear, of the clear language in Count 12, which was the willfully and unlawfully taking money or property, he Right. But he didn't address the other question at all, did he? The other question. Other overbreadth question. The one, the, the, the consensual versus nonconsensual taking. He addressed it to the extent that he found that in Count 12, the language clearly indicated that it fell within the general theft definition because of its straightforward language of the willfully and unlawfully taking, and it didn't include fraud or consent. But at the time that the Petitioner was found to be an aggravated felon, he did not have any relief available to him. So the immigration judge did not give him any erroneous advice on that basis. Now, this Court doesn't need to get to the removability without first. And I'm confused by what you just said. He did have relief available to him. The immigration judge correctly found that Petitioner was removable for having an aggravated felony. At the time that that Petitioner was found to have an aggravated felony, there was no relief available to him as an aggravated felony at the time that the immigration judge found. Because? Because as an aggravated felon, he was precluded from 212-H. He was. If he was an aggravated felon. That's correct. And, and. Are you addressing the Negretti background question? Yes. Okay. You didn't say that. Okay. Here, the record overwhelmingly establishes that his waiver was knowing and voluntary. That's the sole question before this Court. And the Court should conclude that the Board did not abuse its discretion in denying Petitioner's motion to reopen on that basis. Okay. Thank you. Do you have some rebuttal time? Your Honor, unless the Court has any more questions, we'll submit. I do have the authorities that I cited, and I'll be glad to give those to the clerk. And I'm happy to answer more questions, but I think we've made our position clear. Okay. Thank you, counsel. Thank you, counsel. The matter is submitted. Thank you.
judges: Hawkins, Paez, Berzon